IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LUZ LECHUGA, | Case No. 5:17-cv-00728-DAE |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG; BOEHRINGER INGELHEIM INTERNATIONAL GMBH; and ELI LILLY & COMPANY, | |
| Defendants. | |

**PROPOSED SCHEDULING ORDER**

Pursuant to Local Rule 16, the Parties conferred on March 1, 2018, in compliance with Federal Rule of Civil Procedure 26(f), and agreed upon the matters set forth herein. Present were Levi Plesset, counsel for Plaintiff Luz Lechuga ("Plaintiff"), and Heidi Levine, counsel for Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"). The Parties, through counsel, jointly submit this Proposed Scheduling Order prepared in accordance with Local Rule 16 and Federal Rule of Civil Procedure 26(f).

**Background**

This case originally was filed in the Western District of Texas against BIPI, Boehringer Ingelheim Pharma GmbH & Co. KG, Boehringer Ingelheim International GmbH, and Eli Lilly

1

and Company ("Lilly").[1]  BIPI and Lilly jointly moved to dismiss Plaintiff's Complaint on September 27, 2017 [D.E. 11], and Plaintiff voluntarily dismissed Lilly without prejudice on January 31, 2018 [D.E. 25].  The Parties jointly moved the Court to defer issuing an Order requiring a scheduling order until thirty (30) days after the Court issued its decision on the motion to dismiss, which the Court granted [D.E. 15-16].

Following oral argument on BIPI's motion to dismiss, held on February 8, 2018, the Court issued an Order the next day dismissing without prejudice Plaintiff's failure to warn, breach of express and implied warranties, fraud, and negligent misrepresentation claims and allowing Plaintiff an opportunity to amend her Complaint.  The Court denied the motion to dismiss as to Plaintiff's design defect, negligence, gross negligence, and negligent design claims and declined to dismiss under Federal Rule of Civil Procedure 12(b)(6) as to the statute of limitations.  At oral argument on BIPI's motion to dismiss, BIPI requested, and the Court approved, a phased fact discovery approach that would front-load and prioritize discovery exclusively focused on the statute of limitations issue to be raised again on summary judgment, and would defer all other fact and expert discovery to a later date, if needed.

The Parties have conferred and agree to pursue a phased scheduling approach to this matter, focusing first on statute of limitations-related fact discovery and motion practice as more fully described herein.

1. **Preliminary Matters**.

    a.  The nature of the claims and affirmative defenses are:

---

[1] As of the date of this filing, Defendants Boehringer Ingelheim Pharma GmbH & Co. KG and Boehringer Ingelheim International GmbH have not been served in this action.  Plaintiff voluntarily dismissed the above-captioned action as to Lilly on January 31, 2018.  Accordingly, BIPI is the only Defendant submitting this Proposed Scheduling Order.

i. ***Statement of Plaintiff's Claims***. On or about July 24, 2015, Plaintiff was prescribed Jardiance to treat diabetes. Five days later, on July 29, 2015, Plaintiff suffered diabetic ketoacidosis ("dka") landing her in the intensive care unit at Del Sol Medical Center. She now brings this action against the manufacturer of Jardiance for design defect and negligence. Indeed, while Defendant had actual knowledge of the risks of dka at the time of FDA approval, it was not until after Plaintiff and others suffered dka did Defendant acknowledge those risks.

ii. ***Statement of Defendant BIPI's Defenses***. Plaintiff's Complaint originally was filed on August 3, 2017, five (5) days after the Texas two-year statute of limitations expired, and therefore is barred as a matter of law. *See* TCPRC § 16.003(a). Moreover, Plaintiff cannot support any contention that accrual of the two-year statute of limitations was tolled beyond the date she alleges to have suffered from diabetic ketoacidosis ("DKA") on or about July 29, 2015 by operation of the discovery rule, which was not pleaded with specificity and, in any event, is not applicable in this matter. Additionally, Plaintiff cannot carry her burden of proving any of the claims in her Amended Complaint because none of her claims is supported by Texas law or statute, and, at all relevant times, Jardiance's FDA-approved label adequately warned physicians of potentially relevant safety issues based on available data, and also because Jardiance is safe and effective for use in appropriate patients when used in accordance with the label. BIPI anticipates asserting additional defenses, including, but not

limited to, failure to establish its alleged conduct as the proximate cause of Plaintiff's alleged injuries, failure to establish Jardiance was a sufficient cause of Plaintiff's alleged injuries, the application of the learned intermediary doctrine, federal preemption, as well as any and all additional appropriate defenses.

    b. Plaintiff filed an Amended Complaint on **March 2, 2018** per the Court's Order on BIPI's Motion to Dismiss.

    c. BIPI has until **March 16, 2018** to respond to the Amended Complaint.

    d. The Parties will exchange initial disclosures as required by Rule 26(a)(1) by or before **March 20, 2018**.

2. **Fact Discovery Plan.**  For statute of limitations purposes, the Parties propose the following phased approach to discovery.  The proposed dates reflect the Parties' attempt to prioritize specific fact discovery related to the statute of limitations, and is intended to be proportional and efficient to that end.

    a. **Generally, discovery in this case is necessary in the following broad subject areas**, but the Parties intend to focus exclusively on section (i) below initially, and will only address discovery in sections (ii) through (iv) if needed:

        i. Application of the Texas Civil Practice & Remedies Code § 16.003(a) two-year statute of limitations for personal injury actions and the Texas common-law discovery rule.

        ii. Liability, including, but not limited to:

            1. Adequacy of the Warnings;

            2. Federal Preemption; and

       3. The Learned Intermediary Doctrine

  iii. Causation

  iv. Damages

b. ***Sequencing Discovery***.  The Parties have discussed and agreed upon a phased approach to fact discovery that will allow the Parties to assess the relative strengths and weaknesses of their claims and defenses.  This includes agreeing upfront to limit the scope and content of the first phase of discovery in this matter to the statute of limitations.  To that end, Plaintiff agrees to promptly and voluntarily produce materials, information and witnesses potentially relevant to BIPI's statute of limitations defense.  All discovery matters outside of the statute of limitations shall be stayed pending the first phase of discovery and motion practice, and the Parties agree that written and oral discovery shall be limited to matters relating to the statute of limitations, including at depositions of the Plaintiff, her family and friends and her physicians, unless agreed to otherwise by the Parties.

    The Parties expressly agree to conduct any additional fact and expert discovery pertaining to matters outside of the statute of limitations that are relevant to the Parties' claims and defenses, only if necessary, at a later phase in discovery, if the matter proceeds beyond a motion for summary judgment related to the statute of limitations. The Parties will confer and submit a jointly proposed scheduling plan for the second phase of discovery within **30 days** of the Court's ruling on BIPI's motion for summary judgment if the Court does not dismiss the case in its entirety on summary judgment based on the statute of limitations.

5

The Parties agree to pursue a sequenced fact discovery plan to effectuate proportionality requirements pursuant to Federal Rule of Civil Procedure 26.

c. *Discovery Limitations*. The Parties adopt the discovery limitations set forth in the Federal Rules of Civil Procedure.

d. *Disclosure or Discovery of Electronically Stored Information*.  Although potentially not needed for the initial phase of discovery related to the statute of limitations, there is a possibility of the need to exchange sensitive, confidential information at a future date in this litigation, and the Parties are negotiating a proposal for a Protective Order governing the exchange of such confidential information which may include, but is not limited to, technical and competitively-sensitive information protected by law, and information protected by federal and state privacy rights, including private consumer information, personal financial information, and materials that are deemed confidential under Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations, in addition to the potential for the need to comply with European Union ("EU") and German data privacy rights.  The Parties are prepared to file an Electronically Stored Information ("ESI") Protocol and a proposed Protective Order with the Court within **thirty (30) days** of the Court's entry of the discovery schedule proposed herein.

e. *Rule 502 Order*. The Parties have agreed to incorporate an appropriate Federal Rule of Evidence 502 order into the proposed Protective Order, which the Parties are prepared to file within **thirty (30) days** of the Court's entry of the discovery schedule proposed herein.

    f. The Parties request that the deadline for the completion of all fact discovery exclusively related to the statute of limitations shall be set as **July 6, 2018**.

3. **Expert Discovery.** The Parties do not anticipate the need for expert discovery in the first phase of discovery focused on the statute of limitations.

4. **Other Deadlines.** BIPI's motion for summary judgment related to the statute of limitations shall be filed on or before **August 3, 2018**. Plaintiff's Opposition to BIPI's motion for summary judgment shall be filed on or before **August 17, 2018**, consistent with Local Rule 7(e)(2). BIPI's reply in support of its motion for summary judgment shall be filed no later than **August 24, 2018**, consistent with Local Rule 7(e)(2).

    a. To the extent the Court does not dismiss the above-captioned action in its entirety based on the statute of limitations, the Parties will confer regarding the additional fact and expert discovery needed in this case, and will propose a schedule for the next phase of the discovery plan. To that end, any and all fact witnesses deposed for statute of limitations purposes may be subject to an additional deposition concerning all other potentially relevant issues identified in Section 2(a) at a later time.

Dated: March 12, 2018

                                  Respectfully submitted,

                                  By: /s/ Jeffrey R. Lilly

                                Jeffrey R. Lilly
                                Texas Bar No. 00787905
                                Jennifer A. Foster
                                Texas Bar No. 24104938
                                GORDON REES SCULLY MANSUKHANI

816 Congress Avenue, Suite 1510
Austin, TX 78701
Telephone: (512) 582-6487
Facsimile: (512) 391-0183
jlilly@grsm.com
jfoster@grsm.com

Heidi Levine (*pro hac vice*)
hlevine@sidley.com
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Elizabeth Curtin (*pro hac vice*)
ecurtin@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

***Attorneys for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.***

AND

Levi M. Plesset (*pro hac vice*)
MILSTEIN, JACKSON, FAIRCHILD & WADE, LLP
lplesset@mjfwlaw.com
10250 Constellation Blvd.
Suite 1400
Los Angeles, CA 90094
Telephone: (310) 396-9600
Facsimile: (310) 396-9635

Shalimar Wallis
swallis@wattsguerra.com
Watts Guerra, LLP
4 Dominion Drive, Bldg 3 Suite 100
San Antonio, TX 78257
Telephone: (210) 447-0500
Facsimile: (210) 447-0501

***Attorneys for Plaintiff Luz Lechuga***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of March, 2018, a true and correct copy of the foregoing document was electronically filed with the Court through the CM/ECF system, which will send notification of such filing to all parties.


Levi M. Plesset
Milstein Jackson Fairchild & Wade, LLP
10250 Constellation Blvd., Suite 1400
Los Angeles, CA   90067
lplesset@mjfwlaw.com

Shalimar S. Wallis
Watts Guerra, LLP
Four Dominion Drive
Building Three, Suite 100
San Antonio, TX  78257
swallis@wattsguerra.com

**Attorneys for Plaintiffs**


                    */s/  Jeffrey R. Lilly*